# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

Civil Action No.: 1:25-cv-02332

C. ROZIER, an individual,

    Plaintiff,

v.

BOOKING.COM B.V.; BOOKING HOLDINGS INC.; VAIL CORPORATION d/b/a VAIL RESORTS MANAGEMENT COMPANY d/b/a THE GRAND LODGE CRESTED BUTTE HOTEL AND SUITES,

    Defendants.

## COMPLAINT AND JURY DEMAND

Plaintiff C. Rozier ("Plaintiff"), through counsel, complains against Defendants Booking.com B.V., Booking Holdings Inc., Vail Corporation d/b//a Vail Resorts Management Company d/b/a The Grand Lodge Crested Butte Hotel and Suites as follows:

## PARTIES, JURISDICTION, AND VENUE

1. Plaintiff C. Rozier is an individual currently residing in the state of Colorado.

2. On public information and belief, Defendant Booking.com B.V. is a Dutch besloten vennootschap having its principal place of business at Oosterdokskade 163, 1011 DL, The Netherlands.

3. On public information and belief, Defendant Booking Holdings Inc. is a Delaware corporation having its principal place of business at 800 Connecticut Avenue, Norwalk CT 06854. Defendant Booking Holdings Inc. may be served with process through its registered agent, United

Agent Group Inc., located at 1521 Concord Pike, Suite 201, Wilmington, New Castle County, Delaware 19803.

4.  On public information and belief, Booking.com B.V. is a subsidiary of Booking Holdings Inc. Defendants Booking.com B.V. and Booking Holdings Inc. are collectively referred to hereafter as "Booking.com."

5.  Defendant Vail Corporation d/b//a Vail Resorts Management Company d/b/a The Grand Lodge Crested Butte Hotel and Suites is a corporation having its principal place of business at 390 Interlocken Cres Ste 1000, Broomfield CO 80021. Vail Corporation may be served with process through its registered agent for service, Corporation Service Company, at its street address located at 1900 W Littleton Blvd, Littleton, Colorado 80120, or at its mailing address, 390 Interlocken Crescent, Suite 1000, Broomfield, Colorado 80021. Alternatively, Vail Corporation may be served at its principal place of business or wherever it may be found.

6.  This Court has jurisdiction over this action under 28 U.S.C. §§ 1331 and 1338(a), as Plaintiff asserts claims arising under federal law, specifically, under the Lanham Act, 15 U.S.C. § 1125.

7.  Venue is proper in this District pursuant to 28 U.S.C. § 1391, because a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in this District.

8.  An actual case or controversy has arisen between the parties.

9.  Plaintiff has been injured by Defendants' misconduct and has suffered significant damages resulting therefrom.

## FACTUAL BACKGROUND

10. In advance of the July 4th holiday weekend, Plaintiff sought to book lodging accommodations in Crested Butte, Colorado. Plaintiff specifically required a hotel that would accommodate a pet dog and relied on online representations regarding pet-friendliness when selecting lodging.

11. Plaintiff visited www.booking.com and utilized the website's "Pet Friendly" search filter. The filter returned only two hotel options in the Crested Butte area.

12. Plaintiff selected and proceeded to book a reservation at the Grand Lodge Hotel and Suites ("Grand Lodge") based on its representation as "Pet Friendly."

13. Plaintiff submitted the booking request through Booking.com, explicitly noting in the reservation form that a dog would be accompanying the stay.

14. Several hours later, Plaintiff received an email from Grand Lodge stating that guests bringing pets must call ahead. Plaintiff promptly called the hotel to confirm that a dog would be welcome and that the reservation would be honored.

15. After being placed on a lengthy hold, a hotel representative informed Plaintiff that Grand Lodge could not accommodate a dog and that Plaintiff would not be permitted to bring a pet. Plaintiff explained that the reservation was made solely in reliance on the "Pet Friendly" designation on Booking.com and asked that the reservation be cancelled and refunded.

16. The hotel refused to cancel the reservation. The representative acknowledged that both the hotel's own website and Booking.com listed the hotel as "Pet Friendly," and further admitted that the hotel had previously attempted to correct this misinformation with Booking.com and other online platforms without success.

17. Plaintiff then contacted Booking.com to request cancellation and a refund. Booking.com also confirmed that the hotel was listed as "Pet Friendly" on its platform but refused to take any corrective action, instead referring Plaintiff back to the hotel.

18. Plaintiff documented these communications in follow-up messages using Booking.com's internal messaging platform, further showing that the hotel's refusal to accommodate pets despite representing itself as pet friendly constituted a misrepresentation under federal and state law.

19. After Booking.com and Grand Lodge both refused to resolve the matter, Plaintiff formally opted out of Booking.com's arbitration policy, preserving the right to pursue claims in federal court.

20. Both Booking.com and Grand Lodge continue to advertise the Grand Lodge as "Pet Friendly," despite having actual knowledge that the hotel does not accommodate pets and despite repeated consumer complaints, including from Plaintiff.

21. Defendants' ongoing refusal to correct the public-facing misrepresentations, even after acknowledging their inaccuracy, demonstrates willful misconduct and bad faith.

22. As a result of Defendants' false and misleading advertising, Plaintiff suffered financial harm and lost the ability to book suitable alternative accommodations for the July 4th weekend.

23. Plaintiff brings this action under the Lanham Act and the Colorado Consumer Protection Act to remedy the deceptive and unlawful conduct of Defendants and seeks enhanced damages and attorneys' fees for this exceptional case.

## FIRST CAUSE OF ACTION
**(Colorado Deceptive Trade Practices Act, C.R.S. § 6-1-101, *et seq.* – All Defendants)**

24. Plaintiff incorporates by reference all preceding allegations.

25. Defendants engaged in deceptive trade practices prohibited by the Colorado Consumer Protection Act, C.R.S. § 6-1-101, *et seq.*; specifically §§ 6-1-105(1)(b), (e), and (u), in promoting and advertising the Grand Lodge as "Pet Friendly," and/or in various advertising statements as set forth above.

26. The deceptive trade practices occurred in the course of Defendants' business.

27. The deceptive trade practices significantly impacted the public as actual or potential consumers of the Defendants' services and products.

28. Defendants engaged in such deceptive trade practices fraudulently, knowingly, willfully, and intentionally, and have willfully and intentionally refused to remedy such deceptive trade practices.

29. Defendants knew or should have known that the "Pet Friendly" designation was materially false and misleading, and that consumers like Plaintiff would rely on such representations when booking lodging accommodations.

30. Plaintiff did in fact rely on these misrepresentations in selecting and booking a reservation at the Grand Lodge, to Plaintiff's detriment.

31. As a result of Defendants' deceptive trade practices, Plaintiff has suffered damages in an amount to be proven at trial and is entitled to appropriate fees and penalties as set forth in the operative statute.

## SECOND CAUSE OF ACTION
### (Lanham Act – All Defendants)

32. Plaintiff incorporates by reference all preceding allegations.

33. As set forth above, Defendants have made false statements of fact in commercial advertisements about their products.

34. The statements have actually deceived, or have a tendency to deceive, a substantial segment of those reading or hearing the statements.

35. Defendants' deception is material in that it is likely to influence purchasing decisions.

36. Defendants caused their false statements to enter interstate commerce.

37. Defendants' deception has caused Plaintiff to incur damages and threatens to cause Plaintiff imminent and irreparable harm if Defendants are not enjoined from continuing their wrongful conduct.

WHEREFORE, Plaintiff requests that the Court enter judgment in Plaintiff's favor and against Defendants on all causes of action; award Plaintiff its damages and/or the disgorgement of Defendants' wrongfully procured profits, attorney fees, and costs of suit; award penalties and fees as permitted by law or statute, and impose pre- and post-judgment interest on all amounts awarded.

**PLAINTIFF DEMANDS A TRIAL BY JURY ON ALL CLAIMS SO TRIABLE.**

| | |
|---|---|
| Date: July 28, 2025 | By: */s/ James F. McDonough, III* |
| | James F. McDonough, III (GA 117088) |
| | **ROZIER HARDT MCDONOUGH PLLC** |
| | 659 Auburn Avenue NE, Unit 254 |
| | Atlanta, Georgia 30312 |
| | Telephone: (404) 564-1866 |
| | Email: jim@rhmtrial.com |

*Attorneys for Plaintiff C. ROZIER*

## VERIFICATION

Under penalty of perjury, I declare that I have read the foregoing, and the facts alleged therein are true and correct.

C. ROZIER

/s/ *C. Rozier*

By: C. Rozier